UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARREN ROBERTS, | |
| Plaintiff, | **ORDER** |
| -against- | 19 Civ. 7405 (PGG) (DCF) |
| CITY OF NEW YORK, | |
| Defendant. | |

PAUL G. GARDEPHE, U.S.D.J.:

The Complaint was filed on August 8, 2019. (Cmplt. (Dkt. No. 1)) On November 7, 2019, this case was referred to Magistrate Judge Debra C. Freeman for general pretrial supervision. (Dkt. No. 3) On May 13, 2021, Judge Freeman issued a report and recommendation ("R&R"), which recommends that this case be dismissed without prejudice for failure to prosecute. (See R&R (Dkt. No. 7))

For the reasons discussed below, the R&R will be adopted in its entirety, and this action will be dismissed without prejudice.

## BACKGROUND

On February 8, 2021 – more than a year after Plaintiff filed the Complaint – Judge Freeman issued an order directing Plaintiff to show cause by February 23, 2021 why this case should not be dismissed pursuant to Federal Rules of Civil Procedure 4(m) and/or under Rule 41(b) for failure to effect service of process and failure to prosecute. (See Order to Show Cause (Dkt. No. 4)) Judge Freeman explained that: "Since the action was commenced . . . Plaintiff has seemingly taken absolutely no steps to prosecute his claims." (Id. at 1; see id. ("Further, although [Judge Freeman's] Chambers attempted to contact Plaintiff's counsel on multiple

occasions, by both telephone and email, to inquire about the status of the case, it was either unable to get through to counsel's office or received no response to its messages.'"))[1]

In a February 23, 2021 letter, Plaintiff's counsel explains that "his office has not been able to follow nor prosecute this matter as it should have as a result of the fact that counsel's office has been unwinding as [counsel] transition[s] into an entirely different field of law . . . ." (Feb. 23, 2021 Ltr. (Dkt. No. 5) at 1) Counsel requested "a brief final extension of time to permit service and also to make an application to be relieved from this matter and assist Plaintiff in finding new counsel." (Id.)

Judge Freeman memo endorsed the February 23, 2021 letter as follows: "Plaintiff may have until 4/30/2021 to serve Defendant with process and to file proof of service. If service has not been effected by that date, this Court will recommend that the case be dismissed without prejudice for failure to prosecute." (Apr. 12, 2021 Order (Dkt. No. 6) at 2)

As of May 13, 2021, when Judge Freeman issued her R&R, Plaintiff had still not served the Complaint. Accordingly, Judge Freeman recommends in her R&R that the Complaint be dismissed without prejudice. (R&R (Dkt. No. 7)) Although the R&R warns that objections must be filed within fourteen days – and that in the absence of objections, appellate review is waived – no objections were filed to the R&R. (Id. at 2-3)

## DISCUSSION

In reviewing a magistrate judge's R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where, as here, no objections are filed to a magistrate judge's R&R –

---

[1] All references to page numbers in this Order are as reflected in this District's Electronic Case Files system.

despite clear warning that a failure to file objections will result in a waiver of judicial review – judicial review has been waived.  See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's [R&R] operates as a waiver of further judicial review of the magistrate's decision."); see also Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report."). This Court has nonetheless reviewed the R&R for clear error and, as explained below, finds no error in Judge Freeman's recommendation.  See Wingate v. Bloomberg, No. 11-CV-188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (noting that a district court's review of an R&R, where no objections are made, is limited to a consideration of whether there is any clear error that precludes acceptance of the recommendations).

District courts may dismiss actions for failure to effect service and failure to prosecute under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 4(m), 41(b); see also Salem v. City of New York, No. 16 CIV. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (detailing what a court must consider prior to dismissing an action under Rule 41(b)).  Rule 4(m) provides that where

> a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m).

As explained in Judge Freeman's Order to Show Cause and R&R, since the Complaint was filed, Plaintiff has not effected service and has not prosecuted this action.  (See

3

Order to Show Cause (Dkt. No. 4); id. at 3 ("Here, in light of the complete lack of activity in this case since its inception and for an extended period of time, and as this Court has received no communication whatsoever from Plaintiff's counsel, even after it attempted to reach out to him, it appears that Plaintiff has no interest in proceeding with his claims before this Court."); see also generally R&R (Dkt. No. 7))  As discussed above, Judge Freeman granted one final extension to serve, warning that she would recommend that the action be dismissed if service was not made by April 30, 2021.  Plaintiff did not effect service by that date.  (See R&R (Dkt. No. 7) at 1-2)  Indeed, Plaintiff has still not filed proof of service.

## **CONCLUSION**

For the reasons stated above, the R&R is adopted in its entirety, and the Complaint is dismissed without prejudice.  The Clerk of Court is directed to close this case.

Dated: New York, New York
       May 29, 2021

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

4